UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALLSTATE INSURANCE COMPANY                                          PLAINTIFF

V.                                          CIVIL ACTION NO. 3:25-CV-585-KHJ-MTP

ADAM NICK SMITH                                                      DEFENDANT

ORDER

Before the Court is Defendant Adam Nick Smith's ("Smith") [5] Motion to Dismiss Plaintiff Allstate Insurance Company's ("Allstate") [1] Complaint for Declaratory Judgment. For the reasons below, the Court denies Smith's [5] Motion.

I.     Background

Allstate wants to know whether it must defend or indemnify Smith in a Rankin County tort suit. Compl. [1]. According to the state-court complaint, Smith assaulted Michael Shawn Medders ("Medders") on Christmas Eve 2024. State Ct. Compl. [1-2] at 2. In March 2025, Medders sued Smith—and only Smith—in the Circuit Court of Rankin County, Mississippi. *Id.* at 1.

Allstate first learned about Medders's lawsuit four months later. [1] ¶ 9. Smith is a resident relative of James and Bobbye Smith ("Policyholders"), who have a homeowners' insurance policy with Allstate. *Id.* ¶ 8; *see also* Policy [1-1]. The Policyholders notified Allstate of Medders's lawsuit and forwarded Medders's complaint. [1] at 9. But Allstate said it had no duty to defend or indemnify Smith. *Id.*; *see generally* Denial Letter [1-3] (explaining Allstate's rationale). One week

later, Allstate filed this action under the Declaratory Judgment Act, asking the Court to declare that it owes Smith neither a defense nor indemnity in the Medders's suit. *See* [1] at 4–5.

Smith now moves to dismiss Allstate's [1] Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss [5] at 1. Alternatively, he asks the Court to abstain from exercising jurisdiction and to stay this case pending resolution of the state-court action. *Id.*

II.   Standard

A motion to dismiss under Rule 12(b)(1) challenges a court's subject-matter jurisdiction. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A motion to dismiss for lack of subject-matter jurisdiction should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [him] to relief." *Id.* "[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

In contrast, a motion to dismiss under Rule 12(b)(6) asserts that the plaintiff has failed to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Such motions require the Court to accept all well-pleaded facts as true and to view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007). To survive, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

III.  Analysis

The Court addresses Smith's [5] Motion in three parts. First, the Court assures itself of subject-matter jurisdiction—Smith's 12(b)(1) argument. Next, the Court considers whether it may decide this declaratory-judgment action—Smith's 12(b)(6) argument. Finally, the Court considers whether it should—Smith's abstention argument.

A.  Subject-Matter Jurisdiction

Smith briefly challenges this Court's jurisdiction. *See* [5] at 1 (citing Rule 12(b)(1) in the opening paragraph). When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the Court should address jurisdiction first. *Ramming,* 281 F.3d at 161; *see also Riley v. Bondi*, 606 U.S. 259, 273 (2025) ("A federal court must always satisfy itself that it has jurisdiction."). So the Court first explains why Smith's 12(b)(1) challenge fails.

Subject-matter jurisdiction comes in two forms: federal question or diversity jurisdiction. Allstate invokes diversity jurisdiction. [1] ¶¶ 3–5. Diversity jurisdiction

exists when the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

Allstate checks both boxes. First, the parties are diverse: Smith is a citizen of Mississippi, and Allstate is a Delaware corporation with its principal place of business in Illinois. [1] ¶ 4. Second, the amount in controversy exceeds $75,000 because it deals with a $300,000 policy. *Id.* ¶ 5; *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (the amount-in-controversy in a declaratory-judgment action is equal to insurer's "potential liability under [the] policy."). So this Court has subject-matter jurisdiction.

Smith offers nothing to doubt these two elements of subject-matter jurisdiction. Instead, he attacks the justiciability of Allstate's [1] Complaint. *See* Def.'s Mem. in Supp. [7] at 3–4. The Court addresses justiciability below.[1]

B.  Declaratory Judgment Act

The Court next considers whether it may—and should—decide this declaratory-judgment action.

The Declaratory Judgment Act grants district courts discretionary authority to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Federal courts generally have a "virtually

---

[1] While the justiciability of a declaratory-judgment action implicates subject-matter jurisdiction, the Court analyzes justiciability as an element of Allstate's claim for declaratory relief. *See Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293–94 (5th Cir. 2019). A claim under the Declaratory Judgment Act can never confer federal question jurisdiction. *Id.*

unflagging" obligation to decide cases within their jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (citation modified). But declaratory relief is discretionary, not mandatory. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).

The Fifth Circuit applies a three-step framework to determine whether a district court should exercise that discretion. *See Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the Court asks whether the action is justiciable. *Id.* Second, the Court asks whether it has the authority to grant declaratory relief, including under the Anti-Injunction Act. *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993); *see also* 28 U.S.C. § 2283. If the Court answers these first two questions in the affirmative, it considers whether to exercise its discretion, guided by the *Trejo* factors. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)).

1. Justiciability

Smith argues that Allstate's Complaint presents no justiciable controversy because the underlying dispute concerns past conduct—an alleged assault—rather than future obligations. *See* [7] at 3–4. The Court disagrees.

A declaratory-judgment action is justiciable when there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation modified). In the insurance

context, the question is not whether the underlying events have already occurred. It almost always will have; that is the nature of liability insurance. The question is whether the insurer's obligations under the policy are in dispute. Here, they are. Medders's tort suit against Smith is pending. Allstate has denied coverage. Smith disagrees. The parties have adverse legal interests over a concrete, present question: whether the policy obligates Allstate to defend Smith in the Medders lawsuit and to indemnify him for any resulting liability.

Under Mississippi law, the duty to defend is triggered by the allegations in the underlying complaint. If those allegations, taken as true, arguably fall within the policy's coverage, the insurer must defend. *See Merchants Co. v. Am. Motorists Ins. Co.,* 794 F. Supp. 611, 616 (S.D. Miss. 1992). The Medders complaint alleges an assault. [1-2] at 2. The Allstate policy covers "occurrences," which the policy defines as accidents. *See generally* [1-3]. Whether an alleged assault can constitute an "occurrence" under the policy—and whether Allstate therefore owes Smith a defense—is a live legal question that this Court can resolve.

This Court has consistently entertained declaratory-judgment actions in this exact posture: an insurer denies coverage and files suit to determine its obligations while the underlying tort action proceeds. *See, e.g., Colony Ins. Co. v. Peachtree Constr., Ltd.,* 965 F. Supp. 2d 783, 787–88 (S.D. Miss. 2013); *Allstate Ins. Co. v. Ignatius,* No. 2:18-CV-194-KS-MTP, 2019 WL 1440314 (S.D. Miss. Mar. 29, 2019).

Smith's contrary authorities are unpersuasive. He relies on three out-of-circuit cases for the proposition that declaratory judgments cannot adjudicate past

6

conduct—*Glob. Parking Sys. of Indiana, Inc. v. Parking Sols., Inc.*, No. 1:13-CV-00284-RLY-DM, 2015 WL 1186787 (S.D. Ind. Mar. 16, 2015); *Simso v. State of Connecticut*, No. 3:06-CV-301 (PCD), 2006 WL 3422194 (D. Conn. Nov. 28, 2006), and *Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-CV-693, 2009 WL 1770145 (E.D. Wis. June 23, 2009). *See* [7] at 2–3; [10] at 2.

Two problems with that approach. First, none of these cases is binding on this Court. And second, none of these cases is on point. *Simso* and *Mirbeau* involved plaintiffs seeking judicial approval of completed conduct with no ongoing legal consequences. *Simso*, 2006 WL 3422194, at *8; *Mirbeau*, 2009 WL 1770145, at *4. Medders's tort suit is pending, Allstate's duty to defend is a present obligation that accrues anew with each day of litigation, and the parties' dispute over coverage is live. As for *Global Parking*, that case concerns the Indiana Declaratory Judgment Act, not the federal one. *Glob. Parking.*, 2015 WL 1186787, at *11.

Smith also cites *Landmark Am. Ins. Co. v. Esters*, No. 2:20-CV-01263, 2025 WL 1779401 (W.D. La. Apr. 24, 2025). *See* [7] at 2–3; [10] at 2. But the passage he relies on addresses whether the Court can grant declaratory relief under the Anti-Injunction Act— a question the Court addresses separately below—not whether the action is justiciable. *See* [7] at 2–3; [10] at 2.

2. Authority

The Court next considers whether it has the authority to grant declaratory relief. Under *Travelers*, a district court lacks authority to entertain a declaratory-judgment action only when three conditions are all satisfied: (1) the declaratory-

judgment defendant previously sued the declaratory-judgment plaintiff in state court; (2) the state-court action involves the same issues as the federal action; and (3) the Anti-Injunction Act, 28 U.S.C. § 2283, would bar the federal court from enjoining the state proceedings. 996 F.2d at 776. All three conditions must be met to divest the court of authority. *Id.*

The Court need not go past the first condition to decide it has authority to hear this case. When Allstate filed this action on August 7, 2025, it faced no state-court action involving Smith or Medders. Medders had sued Smith in Rankin County Circuit Court, but Allstate was not a party. Smith did not move to join Allstate as a third-party defendant until September 23, 2025—47 days after Allstate commenced this action. The *Travelers* inquiry looks to the procedural posture at the time the declaratory-judgment action was filed. *See Colony*, 965 F. Supp. 2d at 788–89 (finding authority where insurer was not a party to the state-court action when the declaratory-judgment suit was filed). Because no state-court action had been filed against Allstate when this case began, the first *Travelers* condition fails. The Court need not reach the remaining two.[2] The Court can grant declaratory relief.

---

[2] Smith cannot rely on *Landmark*. *Landmark* addressed which abstention framework applies—*Brillhart* or *Colorado River*—when the declaratory-judgment defendant counterclaims seeking coercive relief. *Landmark,* 2025 WL 1779401, at *1. The court recited the *Travelers* framework as background before concluding that *Colorado River* governed. It did not hold that an insurer lacks authority to bring a declaratory-judgment action to determine its coverage obligations while an underlying tort suit is pending. And *Landmark*'s procedural posture—a coercive counterclaim triggering the *Colorado River* analysis—is absent here. Smith has not counterclaimed in this action seeking coercive relief. The *Travelers* framework applies, and as explained above, its conditions are not met.

   3. *Trejo* Factors

Having established justiciability and authority, the Court turns to whether it should exercise its discretion. The Fifth Circuit instructs district courts to weigh seven factors:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit is pending.

*Sherwin-Williams*, 343 F.3d at 388 (citing *Trejo*, 39 F.3d at 590–91). The Court addresses each in turn.

Factor one asks whether there is a pending state action in which all of the matters in controversy may be fully litigated. There is a parallel state proceeding—the Medders tort suit in Rankin County Circuit Court—and Smith has now joined Allstate as a third-party defendant. *See* [1-2] at 1. But tort liability is separate from the insurance coverage question. *See State Farm Mut. Auto. Ins. Co. v. White*, No. 1:15CV346-LG-RHW, 2016 WL 426552, at *4 (S.D. Miss. Feb. 3, 2016); *Ignatius*, 2019 WL 1440314, at *3. So the pending state court case does not necessarily resolve all the matters in controversy.

The procedural posture also matters. When Allstate filed this action, the coverage question was not before the state court, and Allstate was not a party to that litigation. *Nationwide Prop. & Cas. Ins. Co. v. Buckley*, 642 F. Supp. 3d 544,

9

549 (S.D. Miss. 2022) ("Comparing the claims as they exist at the time the motion to stay was filed is the better approach . . . "). Smith did not move to join Allstate until September 23, 2025—182 days after Medders sued Smith and 47 days after Allstate commenced this action. *See* Mot. for Permission to File Third-Party Compl. [5-4]; State Ct. Filings [5-5]. By consequence, discovery was in progress when Allstate joined the fray. So Allstate says the procedural posture precludes it from fully litigating the coverage issue in state court. Pl.'s Mem. in Supp. [9] at 6–7. Smith counters that the discovery record is modest. [10] at 1. But he cites no case law to support his argument. *Id.* This factor somewhat favors retention.[3]

Factor two examines whether the declaratory-judgment plaintiff sued in anticipation of a lawsuit by the declaratory-judgment defendant. This factor discourages abuse of the declaratory-judgment process—using it to race to the courthouse and preempt a defendant's claims. That is not what happened here. Allstate filed in response to the Medders tort action, not to preempt any suit by Smith. There is no indication Smith was preparing to sue Allstate for breach of the insurance contract when Allstate filed suit. Indeed, Smith waited months before seeking to add Allstate to the state-court action. This factor favors retention.

---

[3] The Court notes that Smith's [5] Motion has been pending for five months. During that time, the state-court proceedings have continued, and the procedural posture that informed this Court's analysis may have shifted. If the coverage dispute is now being actively litigated in state court—for example, if discovery on the coverage question has commenced or the state court has set a briefing schedule on coverage issues—the calculus under factor one (and potentially other *Trejo* factors) could change. The Court's analysis reflects the record as it existed when the motion was filed. Either party may reurge abstention by separate motion if circumstances have materially changed.

Factor three considers whether the plaintiff engaged in forum-shopping. Smith characterizes Allstate's filing as an attempt to have the federal court bless its coverage denial, bypassing the state court where there parties are litigating Smith's liability. But the Fifth Circuit has consistently held that an out-of-state party availing itself of diversity jurisdiction is not forum-shopping. *See, e.g.*, *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320–21 (5th Cir. 2006). Allstate is incorporated in Delaware, maintains its principal place of business in Illinois, and is entitled to the protections diversity jurisdiction was designed to provide. If anything, Smith engaged in strategic maneuvering—joining Allstate as a third-party defendant in state court only after Allstate filed this action, in what Allstate characterizes as an effort to avoid the federal forum. This factor favors retention.

Factor four asks whether allowing the declaratory-judgment plaintiff to proceed creates inequities in precedence or forum. The coverage question and the underlying tort liability are distinct inquiries. Allstate's filing did not allow it to gain precedence over Smith in time, nor did it alter the substantive law applicable to either proceeding. Both courts would apply Mississippi law to the insurance contract. Smith's concern that a federal ruling could create preclusion complications in state court has some force, but that risk is present in virtually every parallel-proceeding scenario. Standing alone, that risk does not establish the kind of inequity this factor targets. This factor is, at best, neutral.

Factor five evaluates whether the federal court is a convenient forum for the parties and witnesses. Less than twenty miles separate the federal courthouse in

11

Jackson and the Rankin County Circuit Court in Brandon. Both forums are accessible to the parties, counsel, and any witnesses who might be called on the coverage question. *See Canopius*, 965 F. Supp. 2d 777, 782 (S.D. Miss. 2013); *Colony*, 965 F. Supp. 2d at 789–90. This factor is neutral.

Factor six concerns judicial economy. Smith argues that the coverage question turns on whether the incident was an "accident" under the policy—the same factual issue the state court will resolve in the tort case—and that litigating it in two courts is wasteful and risks inconsistent results. He has a point. Answering the "occurrence" question requires the Court to determine whether Smith's conduct was intentional or accidental, and the state court will likely make factual findings on much the same ground. But this Court has found it "more efficient" for the federal court to address the "singular issue of insurance coverage" separately from the state court's resolution of underlying liability. *See Burlington Ins. Co. v. Ratliff*, No. 3:06-cv-709, 2007 WL 188655, at *4 (S.D. Miss. Jan. 22, 2007). The coverage question is largely a legal one—it turns on the allegations of the complaint as measured against the policy language—and does not require this Court to resolve the factual merits of Medders's tort claims. This factor modestly favors retention, though reasonable minds could disagree.

Factor seven asks whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit is pending. No state judicial decree is at issue. The

12

Rankin County Circuit Court has entered no ruling bearing on the coverage question. This factor is neutral.

On balance, the *Trejo* factors favor retention. No factor weighs strongly against exercising jurisdiction. Factors two and three favor retention. Factors one, four, and six modestly favor retention. Factors five and seven are neutral. So the Court will exercise its discretion to hear this declaratory-judgment action.

### C.  Failure to State a Claim

If Smith's [5] Motion attempts to assert a standalone Rule 12(b)(6) argument, it fails. Allstate has alleged a justiciable controversy over its defense and indemnity obligations, that the Court can grant declaratory relief, and that the *Trejo* factors favor retention. So Allstate has stated a plausible claim for declaratory relief. *See Iqbal*, 556 U.S. at 678. The [1] Complaint identifies the parties, the policy, and the legal basis for the requested declaration. [1] ¶¶ 1–18. That is more than sufficient to survive Rule 12(b)(6). The Court denies Smith's 12(b)(6) motion.

## IV.   Conclusion

For these reasons, the Court denies Smith's [5] Motion. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 27th day of March, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

13